BRUCE L. SIMON (Bar No. 96241)
bsimon@pswlaw.com
GEORGE S. TREVOR (Bar No. 127875)
gtrevor@pswlaw.com
THOMAS K BOARDMAN (Bar No. 276313)
tboardman@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

FILED
2013 APR 10 PM 3:33

Attorneys for Plaintiff, J. GREGORY BROWN, individually and on behalf of all others similarly situated

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

J. GREGORY BROWN, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

NATIONAL LIFE INSURANCE COMPANY,

Defendant.

CV13-2547 PA-CWx

CASE NO.

**CLASS ACTION**

**COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

Plaintiff J. Gregory Brown, by his undersigned attorneys, makes the following allegations on information and belief based upon the investigation of counsel, except as to the allegations pertaining specifically to Plaintiff and Plaintiff's counsel which are based on personal knowledge.

**NATURE OF ACTION**

1. Plaintiff J. Gregory Brown ("Plaintiff") has been a participant in the National Life Insurance Company Agents Retirement Plan (the "Plan") for over thirty years. As a Plan participant, Plaintiff has maintained a retirement account in

the Plan. In addition Plaintiff is a participant in the Supplemental Pension Plan for Full-Time Agents of National Life Insurance Company (the "Supplemental Plan"). Plaintiff's claims are brought against National Life Insurance Company ("National Life" or "Defendant") in its capacity as the sponsor of the Plan and Supplemental Plan for violations of ERISA as more fully set forth below. The Plan and Supplemental Plan are employer-sponsored defined contribution retirement plans subject to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the claims alleged herein under 28 U.S.C. § 1331 (federal question) and ERISA § 502(e)(1), 29 U.S.C. § 1132 (e)(1)

3. Venue is proper in the Central District of California since Defendant conducts business in this District and the acts allegedly committed by Defendant occurred in the County of Los Angeles.

**PARTIES**

4. Plaintiff J. Gregory Brown ("Plaintiff") is a resident of the State of California and resides in the County of Los Angeles. Plaintiff is a participant in the Plan and Supplemental Plan, as defined in ERISA § 3(8), 29 U.S.C. § 1002(8).

5. Defendant National Life is a Vermont corporation with its principle place of business at One National Life Drive, Montpelier, Vermont. National Life is authorized to do business in the State of California and has employed life insurance agents, including Plaintiff, in California to sell and service life insurance policies to California residents.

**FACTUAL ALLEGATIONS**

6. Plaintiff has acted as a life insurance agent for National Life since February 26, 1976. Starting in July 1, 1977, Plaintiff became a participant in the Plan. As of September 30, 2012, Plaintiff had a balance in the Plan of

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

$2,227,382.32 and a balance in the Supplemental Plan of $910,317.41. Plaintiff was 100% vested in the Plan and Supplemental Plan. For the past thirty plus years Plaintiff invested substantially all assets held by him in the Plan and Supplemental Plan in what is called the National Life Interest Fund (the "Interest Fund").[1] The Interest Fund is a conservative investment option that has an investment objective of preservation of capital. The Interest Fund pays a set rate of interest declared annually and is purportedly backed by the financial assets of National Life. At all times relevant Plaintiff and the plaintiff class, in reliance on the representations made to them by National Life, believed that the interest rate paid by the Interest Fund was the same as the annually declared dividend scale for its general account.

7. At all times prior to at least December 2010, National Life advised plaintiff and the other members of the plaintiff class as defined in Paragraph 17 below, that the assets of the Interest Fund were invested in the income producing assets of National Life. Over a number of years Plan and Supplemental Plan participants received statements from National Life describing this investment option as the "Interest Account" or "Interest Fund." National Life represented to Plaintiff and the plaintiff class that the Interest Fund had a guarantee of principal.

8. The Interest Fund in the Plan paid a higher annual interest rate then the Supplemental Plan. The credited interest rate for the Plan and the Supplemental Plan for the period from 2001 through 2011 was as follows:

| Year | Plan Net Annual Interest Rate | Supplemental Plan Net Annual Interest Rate |
|---|---|---|
| 2001 | 7% | 4.75% |
| 2002 | 7% | 4.75% |

[1] On certain statements received by Plaintiff from National Life the Interest Fund is referred to as the "Interest Account."



PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

| | | |
|---|---|---|
| 2003 | 6.5% | 4.25% |
| 2004 | 6% | 4% |
| 2005 | 6% | 4% |
| 2006 | 5.5% | 4% |
| 2007 | 5.5% | 4% |
| 2008 | 5.5% | 4% |
| 2009 | 5.5% | 4% |
| 2010 | 5.25% | 4% |
| 2011[2] | 4.9% | 3.75% |

9. As explained in numerous notices sent by National Life to Plan participants over a number of years, the interest rate paid on the Interest Fund depended on whether contributions to the Fund were considered "portfolio" investments or "new money" investments. The clear implication of such disclosure was that the Interest Fund's rate of return was based upon the investment performance of National Life's general account. Moreover, from 2006 through 2009, National Life maintained the annual interest rate for the Interest Fund at 5.5%. Even in 2010, two years into the financial crisis of 2007-2008, National Life reduced the stated annual interest rate by only .25%. The clear implication of such steady rates during the height of the financial crisis, as interest rates on Treasuries dropped to near zero, was that the return paid on the Interest Fund was based on the general account of National Life, not on current "market" interest rates. At no time

---

[2] In 2011, National Life unilaterally imposed .1% annual fee on amounts invested in the Plan

did National Life advise Plan participants that in fact the Interest Fund was nothing more than a group annuity contract issued by National Life. National Life failed to disclose to Plan participants that the Interest Fund's rate of return was not tied in any manner to National Life's return on its general account.

10. On or about March 9, 2012, Plaintiff and all other Plan and Supplemental Plan participants were advised by National Life that effective January 1, 2012 the credited interest rate for Interest Fund was being reduced from a net rate of 5% in 2011 to 3%. Participants in the Supplemental Plan were further advised in the same March 9th letter that effective January 1, 2012, the credited interest rate for the Interest Fund was being reduced from 3.75% in 2011 to 2.25% in 2012. Among other things, Steven Schultz, National Life's 2nd Vice President and the author of the March 9, 2012 letter, stated that the nearly 40% reduction in the credited interest rate for the Plan and Supplemental Plan in 2012 was a reflection of the "current very low interest rate environment" and the company had been paying into the Plan and Supplemental Plan above "market" interest rates for "a number of years." National Life further claimed the interest rate reduction in 2012 had been determined by National Life.

11. After inquiry by Plaintiff as to the basis for this substantial reduction in the credited interest rate for the Interest Fund in both the Plan and the Supplemental Plan, Mr. Schultz, on behalf of National Life, responded by a letter dated April 5, 2012. In that letter Mr. Schultz asserted that the "National Life Interest Fund" was funded through the purchase of a group annuity contract issued by National Life. Mr. Schultz further disclosed that this "group annuity contract provides for a guarantee of principal and provides that [National Life] will annually set a rate of interest paid on assets held in the group annuity contract." Mr. Schultz' letter further disclosed that the group annuity contract had no maximum interest rate but provided that the minimum interest rate was 1% per annum. It further disclosed that the contract was a "nonparticipating" contract meaning that it did not share in the profits

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

or surplus of National Life.

12. In the second paragraph of this letter Mr. Schultz disclosed that the continued use of this group annuity contract as an investment option for the Plan and Supplemental Plan was monitored by the Benefits Investment Committee ("Committee") established by National Life. That Committee acted as investment fiduciary of the Plan. Mr. Schultz asserted that the Committee had approved the Plan's 2012 interest rate finding that its rate compared favorable to other stable value or fixed rate interest type products offered in the market.

13. As to the annual rate of 2.25% set for the Supplemental Plan for 2012, Mr. Schultz asserted National Life's practice was to set that rate at 75% of the credited interest rate for the Plan's Interest Fund.

14. The disclosures about the Interest Fund for the Plan and the Supplemental Plan first made to Plaintiff and other members of the plaintiff class on April 5, 2012 were material different from what National Life had disclosed to Plaintiff and the class in prior years. At all times prior to April 5, 2012, National Life had represented to Plaintiff and the plaintiff class that the Interest Fund was a conservative, fixed income fund invested in the general account of National Life. Although National Life apparently disclosed to Plaintiff and the plaintiff class in December 2010 that the Interest Fund was backed by a group annuity contract issued by National Life, the December 2010 notice did not disclose the true nature of the Interest Fund or the manner in which its annual interest rate was set. Moreover, National Life's representative's assertion made on April 5, 2012 that the interest rate paid to Plan participants had been above market rates for a number of years was materially false and misleading. Either the assets held by the Interest Fund were earning the rates paid in previous years or National Life was subsidizing the Interest Fund in violation of contribution limitations imposed by federal law and regulations.

15. The representations made by National Life on April 5, 2012 that 3%

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

was a competitive rate compared to similar fixed income investment products was also materially false and misleading. For example, Plaintiff maintains a similar qualified account with Northwestern Mutual Life Insurance Company ("Northwestern"). Plaintiff is invested in Northwestern's Annual Fixed Rate Fund. As of September 30, 2012, that fixed rate fund paid an annual return of 5.9%. The Northwestern Annual Fixed Rate Fund is substantially similar as an investment vehicle to the National Life Interest Fund. Plaintiff also holds a retirement account with New York 100% invested in what is called the "Fixed Dollar Option." As of June 30, 2012 the Fixed Dollar Option paid an annual return of 5.2%. The New York Life Fixed Dollar Option fund is substantially similar as an investment vehicle to the National Life Interest Fund. Plaintiff, until April 5, 2012, accepted the characterization of the Interest Fund as a fixed income conservative investment option that paid returns based upon the performance of National Life's general account. At no time prior to April 5, 2012 did National Life disclose to Plaintiff and the plaintiff class that the Interest Fund was in fact nothing more than an annuity contract issued by National Life paying interest at a rate unilaterally set by National Life.

16. As a direct and proximate result of National Life's omissions of material facts regarding the true nature of the Interest Fund, Plaintiff and the plaintiff class has sustained and continues to sustained damages. Plaintiff and the plaintiff class, believing that stated return from the Interest Fund was directly linked to the return on National Life's general account, maintained their investments in the Interest Fund and did not seek alternative investments available in the Plan and Supplemental Plan.

## PLAINTIFF CLASS ALLEGATIONS

17. Plaintiff Brown brings this action individually and on behalf of the Plan and the Supplemental Plan and on behalf of all participants in the Plan and the

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

Supplemental Plan who invested through the Plan or the Supplemental Plan in the Interest Fund (the "Plaintiff Class"). The Class Period for each ERISA claim begins on the earliest date on which each such claim would be timely.

18. Excluded from the Plaintiff Class is Defendant, any entity in which Defendant has a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, successors, subsidiaries and assigns.

19. Plaintiff, on information and belief, alleges that members of the proposed class are so numerous that joinder of all class members would be impracticable. The number of participants in the Plan and Supplemental Plan are at least 10,000 or more. The number of such participants who have chosen the Interest Fund as an investment option is, at minimum, 1,000 persons and likely significantly greater.

20. There are a number of questions of law and fact common to the Plaintiff Class as defined in Paragraph 16 above. Those common questions of law and fact include the following:

a. Did Defendant, prior to April 5, 2012, represent to Plan participants that the Interest Fund was invested in the general investment account of National Life;

b. Did Defendant adequately disclose, prior to April 5, 2012, that the Interest Fund was in fact a group annuity contract underwritten by National Life and that its annual interest rate was set independent of National Life's return obtained on its fixed income portfolio;

c. Did the interest rate paid to investors in the Interest Fund in 2009, 2010 and 2011 reflect actual rate of return received by National Life on its investment assets;

d. Did Defendant make materially false and misleading statements to members of the plaintiff class about the nature and investing activities of the Interest Fund;

e. Was National Life a fiduciary to the Plan and the Supplemental Plan under ERISA;

f. Whether a class on behalf of all participants in the Interest Fund should be certified under Rule 23 of the Federal Rules of Civil Procedure; and

g. What is the amount of interest and other damages sustained by members of the plaintiff class as a result of Defendant's misstatements regarding the nature of the Interest Fund?

21. The claims and defenses of Plaintiff are typical of the claims and defenses of the Plaintiff Class. Plaintiff has no interests that are antagonistic to the claims of the Plaintiff Class and understands that by bringing this action as a class action Plaintiff is required to obtain the approval of the Court before settling the claims brought herein.

22. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class and is committed to vigorously prosecuting the claims alleged herein. As alleged above, Plaintiff has a substantial economic interest in the claims asserted since he has invested over $3 million in the Interest Fund. Plaintiff has retained counsel competent and experienced in class action and ERISA litigation.

23. The prosecution of separate actions by individual members of the Plaintiff Class would create a risk of inconsistent adjudications with respect to individual members of the Plaintiff Class and could result in incompatible standards of conduct for Defendant. Defendant was obligated to treat the members of the Plaintiff Class in a similar manner under ERISA. Thus, individual proceedings would create the risk of inconsistent adjudications.

24. The questions of law or fact common to the members of the Plaintiff Class predominate over any questions affecting only individual class members and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25. The damages suffered by each member of the Plaintiff Class may be

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

relatively small making the expense and burden of individual litigation impractical for members of the Plaintiff Class to separately seek redress for the harm they have sustained.

## FIRST CAUSE OF ACTION

### Violation of ERISA §404(a)(1)(A)(i) and (ii), Breach of Fiduciary Duty

26. Plaintiff incorporates by reference all the above allegations as though fully set forth herein.

27. At all relevant times National Life was a fiduciary to the Plan and the Supplemental Plan pursuant to ERISA §3(21)(A)(i), (ii) and (iii).

28. As provided by ERISA §404(a)(1)(A)(i), a fiduciary much discharge its duties with respect to a covered plan solely in the interest the participants and beneficiaries of a covered plan and for the exclusive purpose of providing benefits to a plan's participants and beneficiaries.

29. As provided by ERISA §404(a)(1)(B), a fiduciary much discharge its duties with respect to a covered plan solely in the interest of the plan's participants and beneficiaries using the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character with like aims.

30. As set forth in paragraphs 6 through 16 above, National Life misrepresented to Plan and Supplemental Plan participants invested in the Interest Fund the nature of the Interest Fund and its investment in a group annuity contract purchased from itself.

31. As a direct and proximate result of National Life's breach of the fiduciary duties owed to the Plan under ERISA, the Supplemental Plan and the participants in those plans who invested assets in the Interest Fund, Plaintiff and the members of the Plaintiff Class have been denied the full value of their retirement benefits.

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

32. Pursuant to ERISA §§409 and 502(a)(2) and (3), National Life is liable to the Plan, the Supplemental Plan and the Plaintiff Class for the loss of interest they would have received had the Interest Fund not been misrepresented to them.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands that judgment be rendered in favor of Plaintiff against Defendants as follows:

1. For certification of a plaintiff class as defined in Paragraph 16 above;
2. For compensatory and general damages according to proof;
3. For special damages according to proof;
4. For prejudgment interest at the maximum legal rate;
5. For punitive and exemplary damages according to proof;
6. For the costs of the proceedings herein;
7. For Plaintiff's reasonable attorneys' fees; and
8. For all such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action.

DATED: April 9, 2013

**PEARSON, SIMON & WARSHAW, LLP**
BRUCE L. SIMON
GEORGE S. TREVOR
THOMAS K BOARDMAN

By: ______________________
GEORGE S. TREVOR

CLIFFORD H. PEARSON
cpearson@pswlaw.com
**PEARSON, SIMON & WARSHW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

Attorneys for Plaintiff, J. GREGORY BROWN, individually and on behalf of all others similarlv situated

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
J. Gregory Brown, individually and on behalf of all other similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
NATIONAL LIFE INSURANCE COMPANY

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
George S. Trevor
Pearson, Simon & Warshaw, LLP
44 Montgomery Street, Suite 2450
San Francisco, Ca 94104
(415) 433-9000

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding ☐ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $** Per proof.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of Fiduciary Duty under ERISA §404 (a)(1)(A)(i) & (ii)(29 U.S.C. §1109)

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/Etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Org.
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Info. Act
- ☐ 896 Arbitration
- ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
- ☐ 153 Recovery of Overpayment of Vet. Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpratice
- ☐ 365 Personal Injury-Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accomodations
- ☐ 445 American with Disabilities-Employment
- ☐ 446 American with Disabilities-Other
- ☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405 (g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

FOR OFFICE USE ONLY: Case Number: CV13-2547

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] NO [ ] YES

If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] NO [ ] YES

If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
- [ ] A. Arise from the same or closely related transactions, happenings, or events; or
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| **County in this District:** * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| **County in this District:** * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Vermont | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| **County in this District:** * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature] George S. Trevor DATE: April 9, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| **Nature of Suit Code** | **Abbreviation** | **Substantive Statement of Cause of Action** |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

CENTRAL District of CALIFORNIA

J. GREGORY BROWN, individually and on behalf of all other similarly situated,

*Plaintiff(s)*

v.

NATIONAL LIFE INSURANCE COMPANY

*Defendant(s)*

Civil Action No. CV13-2547 PA-CWx

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
NATIONAL LIFE INSURANCE COMPANY
One National Life Drive
Montpelier, VT 05604

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: George S. Trevor
Pearson, Simon & Warshaw, LLP
44 Montgomery Street, Suite 2450
San Francisco, Ca 94104

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

SHEA BOURGEOIS

Date: APR 10 2013

*Signature of Clerk or Deputy Clerk*

1184

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))***

This summons for *(name of individual and title, if any)* ______________________________

was received by me on *(date)* ______________ .

☐ I personally served the summons on the individual at *(place)* ______________________

______________________________ on *(date)* ______________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________________ on *(date)* ______________ ; or

☐ I returned the summons unexecuted because ______________________________ ; or

☐ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ __________ .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

**CV13- 2547 PA (CWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.