BRUCE L. SIMON (Bar No. 96241)
bsimon@pswlaw.com
GEORGE S. TREVOR (Bar No. 127875)
gtrevor@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

CLIFFORD H. PEARSON (Bar No. 108523)
cpearson@pswlaw.com
VERONICA W. GLAZE (Bar No. 261050)
vglaze@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

Attorneys for Plaintiff, J. GREGORY BROWN, individually and on behalf of all others similarly situated

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

J. GREGORY BROWN, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

NATIONAL LIFE INSURANCE COMPANY,

Defendant.

CASE NO. CV13-2547 PA (CWx)

**CLASS ACTION**

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION**

Complaint filed: April 10, 2013
Date: October 7, 2013
Time: 1:30 p.m.
Crtrm.: 15

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1
II. ARGUMENT .......... 2
A. The Plan Documents Did Not Disclose Material Facts About the Interest Fund .......... 2
B. Brown Provides Evidentiary Support for His Motion for Class Certification .......... 4
C. Brown has Article III Standing Because He Suffered Economic Loss from Defendant's Conduct .......... 4
D. Plaintiff Satisfies Commonality and Typicality .......... 6
E. The Expert Report of Lassaad Turki is Irrelevant to Class Certification .......... 9
F. The Class is Certifiable Under Rule 23(b)(1) .......... 10
G. Certification Is Also Appropriate Under Rule 23(b)(3) .......... 11
III. CONCLUSION .......... 12

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

# TABLES OF AUTHORITIES

**Page(s)**

**CASES**

*Abbott v. Lockheed Martin Corp.*,
No. 12-3736, 2013 WL 4010226 (7th Cir. Aug. 7, 2013) ........ 2

*Affiliated Ute Citizens of Utah v. U.S.*,
406 U.S. 128, 92 S. Ct. 1456, 31 L. Ed. 2d 741 (1972) ........ 8, 11

*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*,
133 S. Ct. 1184, 185 L. Ed. 2d 308 (2013) ........ 1, 4, 9

*Avritt v. Reliastar Life Ins. Co.*,
615 F.3d 1023 (8th Cir. 2010) ........ 11

*Comcast Corp. v. Behrend*,
133 S. Ct. 1426, 185 L. Ed. 2d 515 (2013) ........ 11

*Day v. AT&T Disability Income Plan*,
698 F.3d 1091 (9th Cir. 2012) cert. denied, 133 S. Ct. 2010 (2013) ........ 7

*Ellis v. Costco Wholesale Corp.*,
285 F.R.D. 492 (N.D. Cal. 2012) ........ 4

*Evans v. Linden Research, Inc.*,
No. C 11-01078 DMR, 2012 WL 5877579 (N.D. Cal. Nov. 20, 2012) ........ 5

*Harris v. Amgen, Inc.*,
573 F.3d 728 (9th Cir. 2009) ........ 5

*In re First Am. Corp. ERISA Litig.*,
258 F.R.D. 610 (C.D. Cal. 2009) ........ 10

*In re Syncor ERISA Litig.*,
227 F.R.D. 338 (C.D. Cal. 2005) ........ 11

*Johnson v. Evangelical Lutheran Church in Am.*,
CIV. 11-00023, MJD, 2013 WL 1249151 (D. Minn. Mar 26, 2013) ........ 7

*Messner v. Northshore Univ. Health System*,
669 F.3d 802 (7th Cir. 2012) ........ 4

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

*Sepulveda v. Wal-Mart Stores, Inc.*,
464 F. App'x 636 (9th Cir. 2011) ........ 10

*Vaughn v. Bay Envtl. Mgmt., Inc.*,
567 F.3d 1021 (9th Cir. 2009) ........ 5

*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ........ 4, 7

**STATUTES**

ERISA §409, 29 U.S.C.A. §1109 ........ passim

ERISA §502 (a)(2), 29 U.S.C.A. §1132 (a)(2) ........ passim

ERISA §502 (a)(3), 29 U.S.C.A. §1132 (a)(3) ........ passim

Fed R.Civ.P. Rule 23 ........ 1, 2

Fed R.Civ.P. 23(a) ........ 4

Fed R.Civ.P. Rule 23(b)(1) ........ 2, 10, 11

Fed R.Civ.P. Rule 23(b)(3) ........ 2, 11

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

## I. INTRODUCTION

Plaintiff, J. Gregory Brown ("Brown"), meets all requirements for class certification under Federal Rule of Civil Procedure 23. Defendant is wrong as to the nature of Plaintiff's claim and the requirements for class certification on a breach of fiduciary duties under Employment Retirement Income Security Act of 1974 ("ERISA") §§ 409, 502(a)(2) and 502(a)(3).

Plaintiff's primary claim is that Defendant failed to disclose material facts about the National Life Interest Fund ("Interest Fund"). Complaint ("Compl.") ¶ 16, (Dkt. 1). Defendant highlights a single disclosure -- that the Interest Fund was backed by a group annuity contract issued by National Life. Defendant makes no disclosure of the nature of that group annuity contract, the manner in which interest rates would be calculated, or the assets that backed the Interest Fund.[1] Whether Mr. Brown received a particular Plan document is irrelevant to whether Defendant adequately disclosed all material information about the Interest Fund. Plaintiff does not challenge the affirmative disclosures made. Rather, his allegations go to whether Defendant disclosed all material information about the Interest Fund.

National Life also argues that Plaintiff must provide substantial evidence for class certification. As the Supreme Court made clear this past term, class certification does not require a trial on the merits. Materiality, loss causation and the misleading nature of a defendant's alleged omissions "are common questions that need not be adjudicated before a class is certified." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1200, 185 L. Ed. 2d 308 (2013). *See also Abbott v. Lockheed Martin Corp.*, No. 12-3736, 2013 WL 4010226 *6 (7th Cir.

---

[1] Mr. Brown asked National Life to explain the process used to set the 2012 interest rate. In an April 5, 2012 letter, a National Life officer, Steven Schultz ("Schultz") refused to do so saying it was proprietary information. Declaration of J. Gregory Brown ("Brown Decl.") Ex. "D" (Schultz's April 5, 2012 letter to Brown) (Dkt. 28-2).

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

Aug. 7, 2013).

Defendant's attack on Mr. Brown's adequacy is also unavailing. Defendant argument on adequacy is in most part an *ad hominem* attack on Mr. Brown. Mr. Brown invested over two million dollars in the Interest Fund. Which Plan documents Mr. Brown read has no relevance to an alleged omission of material facts regarding the Interest Fund. Defendant's attack on certification for failing to meet Rule 23's commonality and typicality requirements again ignores that omissions constitute the primary wrongdoing alleged herein. If Defendant failed to make adequate disclosure of material facts concerning the Interest Fund, that omission affects every purported Class member.

Defendant also fails to address Plaintiff's arguments for certification under Rule 23(b)(1), (2) and (3). Defendant ignores the numerous cases cited by Plaintiff holding that certification under Rule 23(b)(1) is appropriate where the allegations concern an ERISA plan that impacts all purported Class members. *See* Plaintiff's Motion for Class Certification ("Mtn.") at 14:21-17-8, (Dkt. 28).

Class certification is not a trial on the merits. Plaintiff has presented sufficient evidence at this early stage of the proceedings, has defined a narrow Class of persons who invested in the Interest Fund and has a compelling interest in fully litigating such claims on behalf of all Class members. Class certification is clearly appropriate and must be granted.

## II. ARGUMENT

### A. The Plan Documents Did Not Disclose Material Facts About the Interest Fund

Defendant argues it fully disclosed the nature of the Interest Fund. Defendant's Opposition to Plaintiff's Motion for Class Certification ("Opp.") at 8:13-21, 9:14-24, (Dkt. 30). The documents cited by Defendant as disclosing the nature of the Interest Fund did not disclose material facts. Defendant's counsel questioned Mr. Brown extensively as to a number of Plan documents. Those

disclosures omitted material facts. For example, a 1991 Summary Plan Document ("SPD") for National Life Insurance Company's Agents Pension Plan ("Pension Plan") describes what it calls the "Interest Option" as: "Company Contributions for each Participant and his or her Voluntary Agent Deposits shall be accumulated in a group annuity contract, which provides a guarantee of principal." Declaration of Thomas Brownell ("Brownell Decl.") Ex. 11 at p. 272 (NATLIFE00001682) (Dkt. 34-11). Earlier plan documents are similarly unenlightening. A 1979 document describes the annuity purchase account as "[a] fixed dollar investment vehicle for both Company Contributions and Voluntary Agent Deposits, and is invested in a Group Annuity issued by the Company." Brownell Decl. Ex. "17" at p. 483 (NATLFIE00001870) (Dkt. 34-17). Later Plan documents are even more cryptic. A 2010 Plan document describes the Interest Fund as: "[A] stable value investment providing a specified rate of interest, which will change periodically, and a guarantee to principal. The stable value investment is funded through a group annuity contract issued by National Life Insurance Company" Brownell Decl. Ex "21" at p. 517 (NATLIFE00002216) (Dkt. 34-21).

Despite hundreds of pages of documents submitted by National Life in support of its opposition, the only information provided to Mr. Brown and the Class was that the Interest Fund had a guarantee of principal, was funded by a group annuity contract issued by National Life Insurance Company and that the rate of interest could change over time. At no time until at least March 9, 2012, if not later, did National Life disclose to Mr. Brown or other Plan participants that the Interest Fund was in no way tied to the credited investment returns obtained on National Life's general account, or that the interest return paid on the Interest Fund could be slashed by National Life at any time.

When asked whether the fact that the interest rate was funded by a group annuity contract issued by National Life was good, bad, or indifferent, Mr. Brown answered: A: "Well, when I – that onto itself meant nothing in – or could mean

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

nothing until I learned how they were using it and how it was being applied." Brown Depo. pp. 57:20-23, attached as Ex. "A" to Glaze Decl.

### B. Brown Provides Evidentiary Support for His Motion for Class Certification

Plaintiff has satisfied Rule 23(a) as required by the Supreme Court in *Amgen* and *Dukes*.[2] The district court must resolve factual disputes necessary to class certification, however "the court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits…[i]t is sufficient if each disputed requirement has been proven by a preponderance of evidence." *Messner v. Northshore Univ. Health System*, 669 F.3d 802, 811 (7th Cir. 2012), *Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 507 (N.D. Cal. 2012). Full discovery will reveal additional evidence supporting Plaintiff's claims.[3] Mr. Brown and putative Class member James Fisher provided sworn deposition testimony about the Plan and their investments in the Interest Fund. Ex. "A" and "C" to Glaze Decl. Defendant showed Brown more than eighteen plan documents, none of which adequately disclose the nature of the Interest Fund. Glaze Decl. ¶ 6. Defendant also asserts that Brown was provided with sufficient disclosures in July of 2012. Opp. at 13:18-19. However, the phrase "group annuity contract" does not appear even once in these documents and they fail to make adequate disclosures concerning the nature of the Interest Fund. Glaze Decl. ¶ 5.

### C. Brown has Article III Standing Because He Suffered Economic Loss from Defendant's Conduct

Brown has Article III standing because he sustained an injury that is redressable under ERISA § 502(a)(2). Brown, a participant in a defined

---

[2] The parties stipulated to numerosity. Trevor Decl. Ex. "C," (Dkt. 28-1), Mtn at 9:18-20.

[3] Defendant produced documents requested by Plaintiff on a rolling basis and even produced documents approximately 1 hour before Defendant filed its Opposition. Glaze Decl. ¶ 8.

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

contribution plan, alleges he suffered injury as a result of Defendant's breach of its fiduciary duty to make full disclosures in documents widely distributed to all members of the putative Class. Specifically, Defendant never disclosed how the group annuity contract affected interest rates paid on the Interest Fund. Defendant also failed to disclose that the group annuity contract is not invested in or tied to National Life's general account; the interest rate credited to assets in the Interest Fund is arbitrarily decided by a committee selected by National Life and the credited interest rate can drop as low as 1%. Brown and the putative Class were injured by Defendant's omissions and seek recovery for the Plan as a whole. Compl. ¶ 16. But for Defendant's breach, Plan assets invested in the Interest Fund would have earned a larger rate of return, comparable to returns on National Life's general account. Defendant's alleged conduct resulted in substantial losses to Brown's retirement savings and anticipated retirement income. Under ERISA § 502(a)(2) Brown is entitled to relief for Defendant's conduct by seeking an adjustment in benefits to give Plaintiff and the Class what they would have received but for Defendant's material omissions. *Harris v. Amgen, Inc.*, 573 F.3d 728, 736 (9th Cir. 2009) ("Section 502(a)(2) claims on a defined contribution plan to recover losses occasioned by a breach of fiduciary duty are redressable and meet the constitutional standing requirements of Article III."); *Vaughn v. Bay Envtl. Mgmt., Inc.*, 567 F.3d 1021, 1026 (9th Cir. 2009) (An injury in an ERISA breach of fiduciary case is ascertainable where Plaintiff seeks the difference between what he received and what he would have received but for Defendant's fiduciary breach.).[4] Accordingly, Brown has Article III standing.

---

[4] This case is distinguishable from *Evans v. Linden Research, Inc.*, No. C 11-01078 DMR, 2012 WL 5877579 *7-9 (N.D. Cal. Nov. 20, 2012) (No Article III standing where injury was the loss of property in virtual land created by plaintiffs in Defendant's online game) because Brown and the putative class allege the loss of real money in their ERISA Plan.

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

### D. Plaintiff Satisfies Commonality and Typicality

Defendant ignores the primary claim alleged herein. On March 9, 2012, a National Life officer, Steven M. Schultz ("Schultz"), sent a standardized letter to all plan participants, including Mr. Brown. See Exhibit "B" to Brown's Declaration.[5] The context of why Mr. Shultz sent the March 9, 2012 letter disclosing key facts about the Interest Fund is shown by the previous month's e-mails between Mr. Schultz and Brown. Glaze Decl. Ex. "A" at Brown Depo. pp. 134:14-138:5; Glaze Decl. Ex. "B." Among other things, the letter states that "[t]he interest rate for this fund is determined annually by National Life Group," and "[the] interest rate has been above market for a number of years, and that the new rate reflects the current very low interest rate environment." Brown Decl. Ex. "B." At no time prior to March 9, 2012, did National Life disclose the nature and the terms of the group annuity contract. "The Interest Account (which is funded through a group annuity contract issued by National Life Insurance Company) credits interest to your contributions at a stated interest rate subject to change quarterly." Brownell Decl. Ex. "29" at p. 732 (NATLIFE00002202) (Dkt. 34-29).

Plaintiff has alleged that National Life failed to disclose the following material facts about the Interest Fund:

- The Interest Fund was not tied in any manner to the credited dividend rate paid to policy holders of National Life;
- The interest rate paid by the Interest Fund could be set as low as 1% annually;
- The interest rate paid on the Interest Fund in prior years was above "market" rates; and

---

[5] Defendant asserts that Mr. Brown's declaration and deposition testimony "is not evidence at all." Opp. at 19:6-8. Absent a Motion to Strike, which was not brought, Mr. Brown's sworn declaration, deposition testimony and responses to written discovery are admissible as evidence that must be considered by this Court in deciding Class Certification.

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

- The Interest Fund was funded by a non-participating "annuity contract issued by National Life."[6]

Resolution of the common question on whether National Life made adequate disclosure about the Interest Fund is the key question to determine if National Life breached its fiduciary duty to the Plan participants, including Brown. By recharacterizing Brown's allegations and ignoring the material omissions allegedly made by National Life over the years, Defendant manufactures individualized issues. Defendant's reliance on *Dukes*, 131 S. Ct. at 2546, is not relevant here, since the failure to establish common questions in *Dukes* was a lack of proof of a general policy of discrimination. *Johnson v. Evangelical Lutheran Church in Am.*, CIV. 11-00023 MJD, 2013 WL 1249141, *8 (D. Minn. Mar 26, 2013)[7], is also not persuasive since it was each class member's understanding of a specific ERISA investment fund that destroyed commonality. Here, it is not each participant's understanding of the Interest Fund, but what was disclosed (or not disclosed), by Defendant as to the specific nature of the fund.

Defendant's further assertion that the only evidence of plan-wide communications are the Plan documents requires the Court to ignore Defendant's March 9, 2012 letter sent to all Plan participants. Opp. at 19:24-25; Brown Decl. Ex. "B." The common issue is not that Defendant disclosed in summary fashion that the Interest Fund was funded by a group annuity contract, but that it did not communicate to Plan participants material information about the Interest Fund.[8]

---

[6] Although Mr. Schultz makes this assertion in his April 5, 2012 letter to Mr. Brown, there is a factual dispute as to the characterization of "non-participating." At Schedule H of Form 5500 for fiscal year 2011 and in Plan's audited financial statements issued for 2011, the interest fund is described as "National Life Insurance Company, General Investment Account." See Trevor Decl. Ex. "B" (Dkt. 28-1, page ID #252, 262).

[7] Defendant is relegated to citing a Minnesota district court opinion, which is not binding on the Central District of California.

[8] Defendant also cites *Day v. AT&T Disability Income Plan*, 698 F.3d 1091, 1098-99 (9th (footnote continued)

Defendant further argues that Brown has failed to show that any of the alleged misrepresentations were material. The alleged omissions of material facts regarding the nature of the Interest Fund are issues of fact that must be determined on a full factual record. Whether the alleged non-disclosures are material to participants cannot be determined at this time. Moreover, the question is not whether a Plan participant had adequate information to make an informed decision on whether to invest, but whether he or she was given all material information about the Interest Fund prior to and during their continued investment in that fund. Whether Defendant provided adequate information about the Fund is a common question subject to class-wide proof.

In arguing that Brown has failed to establish detrimental reliance on the alleged misrepresentation, raising individual as opposed to common issues, Defendant again ignores the primary claim alleged – a failure to disclose material information. As established in the seminal case of *Affiliated Ute Citizens of Utah v. U.S.*, 406 U.S. 128, 153-54, 92 S. Ct. 1456, 1472, 31 L. Ed. 2d 741 (1972), reliance is presumed where plaintiffs have primarily alleged omissions even though they are a mix of misstatements and omissions. As the Supreme Court recognized in *Affiliated Ute Citizens*, to require detrimental reliance by a plaintiff class where the primary allegation is an omission of a material fact would eviscerate omissions as a basis for alleging misrepresentation since no plaintiff, or for that matter a plaintiff class, could prove reliance on a statement never made to them. *Id*. Here, the key is not whether Mr. Brown or the purported plaintiff Class relied on the alleged omission, but rather whether the omitted information was material to a reasonable

---

Cir. 2012) cert. denied, 133 S. Ct. 2010 (2013). (Plan participants received SPDs with adequate disclosures but were not reminded of disclosures later). *Day* is distinguishable from this case because Defendant never provided Mr. Brown or the putative class with adequate disclosures.

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

participant in the Plan and whether such information was adequately disclosed. Moreover, as the Court held in *Amgen*, evidentiary proof of materiality is not necessary to certify a class. *Amgen*, 133 S. Ct. at 1197.[9]

**E. <u>The Expert Report of Lassaad Turki is Irrelevant to Class Certification</u>**

Defendant submitted the expert report of Lassaad Turki with its opposition to class certification. This unsworn report adds little, if anything, to the Court's determination of certification.

Mr. Turki's opinion that the Interest Fund's net interest crediting rate for 2012 of 3% was slightly above rates for comparable stable value funds is contested by Mr. Brown's testimony that in 2013 he transferred over $2,000,000 to a similar stable value fund backed by New York Life. Mr. Brown testified that at the time of transfer the New York Life stable value paid a rate of return of 5.25 or 5.35%. Brown Depo. p. 66:15-25, attached as Ex. "A" to Glaze Decl. In September 2012, the annual interest rate was 5.9% on a Northwestern Mutual Life stable value fund comparable to the Interest Fund. Compl. ¶ 15. Thus, two of the largest insurance companies pay interest nearly three percent higher on stable value funds identical to the Interest Fund.

Defendant argues that Plaintiff mischaracterizes the stable value fund. This is not true. With over 40 years of experience as a life insurance agent, Mr. Brown is

---

[9] Defendant also argues that Mr. Brown is subject to unique defenses. The fact that Mr. Brown does not use the web to access information about the Plan is not a unique defense. While 29 C.F.R. § 2520.104b-1(c) may allow electronic ERISA disclosure, it does not require a Plan participant to access such information through the Web. Opp. at 22:21-22. In light of identity theft on the web, and other security concerns, accessing highly confidential plan information that includes social security numbers, balances of accounts and asset allocation by a Plan participant is a significant concern. It would not be unreasonable for Mr. Brown to decline to take such risk with such critical information. Defendant's attempt to rewrite the law to require that every person who attempts to bring claims on behalf of himself and a class must be computer literate must be rejected out of hand.

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

aware that the stable nature of the fund refers to the guarantee of principal, an aspect that convinced him to invest nearly all of his retirement assets in such a fund. Brown Depo. pp. 16:22-17:8, 98:1-3, 203:5-7, attached as Ex. "A" to Glaze Decl; Brown Decl ¶ 4 (Dkt. 28-2). Nowhere does Mr. Turki address the adequacy of the disclosures about the nature of the Interest Fund, the manner in which interest rates are credited and whether there was full disclosure of all material information about the Interest Fund. Mr. Turki's unsworn opinion testimony has little, if any, relevance to class certification.

**F. The Class is Certifiable Under Rule 23(b)(1)**

Defendant argues that this action is not certifiable under Rule 23(b)(1) since it is an action primarily for damages. As the Court held in *In re First Am. Corp. ERISA Litig.*, 258 F.R.D. 610, 620 (C.D. Cal. 2009), ERISA class action cases are particularly appropriate to certification under Rule 23(b)(1). This is so where the claimed misconduct of the fiduciary is an omission of a material fact made to all plan participants. To the extent Plaintiff establishes that Defendant failed to make all material statements necessary to make the statements made not misleading and that such omissions resulted in plan-wide damages, a class under Rule 23(b)(1) is appropriate.

Despite extensive case law cited in Plaintiff's opening memorandum in support of certification of the Plaintiff Class, Defendant's opposition does not address those cases. These cases hold that where the misconduct is alleged as to all Plan participants the primary relief will be on behalf of the Plan and shared with each Plan participant in accordance with their interest in the Plan. *See e.g.*, Mtn. at 16:23-17:1-8.

Defendant, without support, argues that the only relief available to Mr. Brown is individualized monetary relief. Opp. at 23:22-24. The only case cited by Defendant is *Sepulveda v. Wal-Mart Stores, Inc.*, 464 F. App'x 636, 637 (9th Cir. 2011), where the damages sought related to employees' individualized proof of job

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

duties, hours worked and the amount paid to those persons. Here, as numerous Courts throughout the Ninth Circuit and this District have found, where the claim is a breach of ERISA fiduciary duties, certification under Rule 23(b)(1) is particularly appropriate. *See In re Syncor ERISA Litig.*, 227 F.R.D. 338, 346 (C.D. Cal. 2005): "[i]f the primary relief is to the Plan as a whole, then adjudication in respect to individual members of the class would as a 'practical matter' alter the interest of the other members of the class – if one plaintiff forces the Defendants to pay damages to the Plan, the benefit would affect everyone who has a right to disbursement under the Plan."

### G. Certification Is Also Appropriate Under Rule 23(b)(3)

As addressed more fully in Plaintiff's opening Motion for Class Certification at page 18:8-20:12, this action should also be certified under Rule 23(b)(3). Defendant argues that questions of law or fact common to Class members do not predominate over questions affecting only individual members. The chief case cited by defendant is an Eighth Circuit case that denied class certification since the alleged misrepresentations by defendant were oral affirmative misrepresentations made to individual class members. *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1026 (8th Cir. 2010). In *Avritt*, the Court found that due to the individual nature of the affirmative misrepresentations, each plaintiff would need to show reliance on that individualized misrepresentation. This case is distinguishable from Avritt because National Life's primary misrepresentation is an omission of a material fact as to the nature of the Interest Fund and the manner in which interest was credited to that fund. Such omissions go to the entire Class of Plan participants and no individual reliance element is necessary. *Affiliated Ute Citizens*, 406 U.S. at 153-54.

Defendant also argues that the Plan participants were fully informed about the Interest Fund. Opp. at 25:1-2. That factual issue is clearly in dispute. Defendant's citation to *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1434-35, 185 L. Ed. 2d 515 (2013), is not applicable since no individualized damage calculation must be made

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104

here. If Plaintiff and the Class establishes that the disclosures made regarding the Interest Fund omitted material information, the damages (the interest rates that were underpaid over time) are easily calculable as to the Plan as a whole. Thus, mini–trials are unnecessary because proof of individualized reliance is not required.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Class Certification, certify a Class as defined in Plaintiff's motion, appoint Plaintiff Brown the representative of the proposed Class, and appoint the law firm of Pearson, Simon & Warshaw, LLP as Class Counsel.

DATED: September 23, 2013

**PEARSON, SIMON & WARSHAW, LLP**
BRUCE L. SIMON
GEORGE S. TREVOR
CLIFFORD H. PEARSON
VERONICA W. GLAZE

By: */s/ George S. Trevor*
GEORGE S. TREVOR
Attorneys for Plaintiff, J. GREGORY BROWN, individually and on behalf of all others similarly situated

PEARSON, SIMON & WARSHAW, LLP
44 MONTGOMERY STREET, SUITE 2450
SAN FRANCISCO, CALIFORNIA 94104